UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN GARCIA TREFCER, | No. 2:11-cv-1436 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's fully briefed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act). On June 27, 2012, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion in part, reversed the decision of the Commissioner and remanded the action for further proceedings.

The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") failed to consider the effect of plaintiff's cervical impairment on her exertional capacity, despite evidence in the record suggesting that she cannot perform medium work. ECF No. 23 at 8-9. In discussing certain MRI results, the court noted that "[a] mere and partial reference to the

1

1    existence of such important records by the ALJ, with no analysis of their significance to the

2    outcome, eviscerates confidence in the conclusion about medium work."  Summary judgment was

3    therefore entered for plaintiff on this issue, but denied on the remaining two issues.  The court

4    remanded the matter for a new hearing and directed the ALJ to properly consider and address the

5    medical evidence concerning plaintiff's cervical condition.

6          On September 24, 2012, plaintiff filed a motion for attorney fees seeking a fee award of

7    $5,126.13 for 28.2 hours of attorney time expended in connection with this action.  ECF No. 25.

8    On November 26, 2012, defendant filed a statement opposing plaintiff's motion for attorney fees.

9    ECF No. 29.  Therein, defendant argues that the government was substantially justified in

10   defending the ALJ's decision and that, in the event the court is inclined to grant plaintiff's

11   motion, the fees request should be reduced as it is unreasonable.  Plaintiff filed a reply on

12   December 16, 2012, disputing defendant's arguments.  ECF No. 30.

13         The EAJA provides that "a court shall award to a prevailing party . . . fees and other

14   expenses . . . incurred by that party in any civil action . . . brought by or against the United States

15   . . . unless the court finds that the position of the United States was substantially justified or that

16   special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v.

17   Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was

18   substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v.

19   Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

20         A "party" under the EAJA is defined as including "an individual whose net worth did not

21   exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The

22   term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

23   "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

24   prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

25   resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§

26   2412(d)(1)(C) & 2412(d)(2)(D)).

27         A party who obtains a remand in a Social Security case is a prevailing party for purposes

28   of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has

ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

Here, the court finds that plaintiff is the prevailing party. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. As to the position of the government, the court notes that its previous decision determined that although the ALJ referenced the MRI at issue, he did not analyze its significance in determining plaintiff's residual functional capacity. The court also found that the ALJ failed to cite to medical record evidence in support of his finding that plaintiff could do medium work. The court therefore also finds that the position of the government was not substantially justified. See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action."); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability). Because the government's underlying position was not substantially justified, the undersigned need not address whether the government's litigation position was justified. Meier, 727 F.3d at 872.

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

of living.[1]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).  The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-motion for summary judgment.  After carefully reviewing the record and the pending motion, the court finds that the claimed 28.2 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008).  While the issues presented may have been straightforward, 28.2 hours can be fairly characterized as well within the limit of what would be considered a reasonable amount time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court.  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).

---

[1] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

Plaintiff's motion includes a request that any EAJA fees awarded be paid directly to plaintiff's attorney. However, prior to the filing of plaintiff's motion, the United States Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 2526-27, 2529 (2010). Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

Lastly, insofar as defendant suggests that plaintiff should not be compensated for two of the three issues on which judgment was entered in favor of defendant, the court rejects the argument. Defendant cites Hardisty v. Astrue, 592 F.3d 1072 (9th Cir. 2010), and contends that the Ninth Circuit has "held that EAJA fees should not be compensated for issues not adjudicated." Opp'n at 7. In Hardisty, the Ninth Circuit reviewed the district court's denial of an EAJA fee petition. In affirming the denial, the Ninth Circuit held that the provisions of the fee-shifting statute do not extend fee awards to "positions of the United States challenged by the claimant but unaddressed by the reviewing court." Hardisty, 529 F.3d at 1077. The appellate court's decision was based in part on the Supreme Court's command "that a request for attorney's fees should not result in a second major litigation." Id. at 1077-78 (citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. Of Health & Human Res., 532 U.S. 598, 609 (2001)). Requiring the district court to determine whether the government's position on unadjudicated

5

issues was substantially justified would put the court "in the position of conducting essentially de novo review of the entire case for purposes of the fee litigation, contrary to the command against 'spawn[ing] a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself." Id. at 1078 (internal citations omitted).

Hardisty should not be extended to the facts of this action. The district court in Hardisty found that the government's position was substantially justified on the issue upon which remand was based, and the issue was therefore not a basis for EAJA fee-shifting. Hardisty, 592 F.3d at 1075. The district court also rejected the plaintiff's argument that fees should be awarded for the government positions that he challenged but that the court did not address when it originally reviewed the case. Here, the court found that the government's position was not substantially justified. Additionally, the court is not faced with an issue of a request for attorney fees on issues not decided, since all issues were decided in this case. Moreover, extending Hardisty to the reasonableness analysis is both contrary to Supreme Court precedent and wholly unfeasible. In Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), the Supreme Court explained that an attorney may not be entitled to an award for work on "distinctly different claims for relief that are based on different facts and legal theories." However, the Court recognized that some cases present a single claim for relief that involves a common core of facts and is based on related legal theories:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation ...

Hensley, 461 U.S. at 435. Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories.

Indeed, at least in cases where there is a single claim for relief, i.e., a claim for Social Security benefits, attorneys are not likely to itemize their billing entries according to specific arguments. Defendant invites this court to reduce the award proportionally to the amount of

pages dedicated to briefing the issue upon which remand was based. Doing so, or engaging in any other method for determining the amount of time spent on a single argument, would be speculative, at best.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 25) is granted;

2. Plaintiff is awarded $5,126.13 for attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: December 13, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE